DYK, Circuit Judge,
dissenting.
The majority holds that only an importer of record or agent authorized in writing — as defined by 19 U.S.C. § 1484 of the customs statutes — may be liable for negligence as a “person” under § 1592(a)(1)(A). Absent piercing of the corporate veil, it holds that corporate officers (agents of the corporation) like Shadadpuri are not liable for negligently submitting false customs forms.
In my view, the majority’s interpretation is inconsistent with the plain language of the statute and its legislative history. I respectfully dissent.
I
The majority suggests that § 1592 is designed solely to impose penalties for vio *1341 lations of §§ 1484 and 1485, arguing that “[t]he only ‘duties’ regarding ... entry ... are those spelled out in §§ 1484 and 1485,” and that “Section 1592(c)(2) and (c)(3) are thus inextricably tied to §§ 1484 and 1485.” Maj. Op. at 1337. It argues that, since § 1484 only imposes duties on “importers of record” and “agents authorized by the [importer of record] in writing,” those are the only persons who can be liable for penalties under § 1592. But § 1592 contains no reference to § 1484 and broadly sanctions any “person ... [who] by fraud, gross negligence, or negligence ... enter[s], introduce^], or attempt[s] to enter or introduce any merchandise ... by means of ... any document ... which is material and false, or ... any omission which is material.” 19 U.S.C. § 1592(a).
Alternatively, the majority urges that importers of record and written agents are the only persons who could make an “entry” within the meaning of § 1592. But this cannot be correct. Any importer of record typically acts through agents. The statutory scheme requires that an “entry” of merchandise is made by filing specific documents with the customs service. See 19 U.S.C. §§ 1484, 1485. Those who súbmit those documents have a duty to ensure that they are accurate. Section 1592(a)(1)(A) is designed to impose liability on agents of importers of record who breach this duty in submitting the required documents for entries on behalf of the importer of record.
This is clear from the history of § 1592(a)(1) — not discussed or even acknowledged by the majority. The current language of the statute, which refers to a “person,” was adopted in 1978. See Customs Procedural Reform and Simplification Act of 1978, Pub.L. No. 95-410, § 110, 92 Stat. 888, 893-94. The Supreme Court has made clear that “ ‘person’ often has a broad[ ] meaning in the law.” See Clinton v. City of New York, 524 U.S. 417, 428 n. 13, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998) (citing 1 U.S.C. § 1). The history of § 1592(a) shows that the term “person” has such a broad meaning in that statute. The precursor to § 1592(a)(1)(A) imposed liability for false statements to Customs on a wide range of individuals, including corporate representatives like Shadadpuri. Specifically, the prior version of the statute conferred liability on
any consignor, seller, owner, importer, consignee, agent, or other person or persons [who] enters or introduces, or attempts to enter or introduce ... any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal. ...
19 U.S.C. § 1592 (1976) (emphasis added). Shadadpuri would clearly be liable under this earlier statute. As the majority concedes, Shadadpuri qualifies as an agent of Trek. See Maj. Op. at 1338 (conceding that Shadadpuri “is an ‘agent’ of the corporation in the common law sense of that term”). And Shadadpuri clearly provided false information to Customs that omitted the value of certain fabric assists.
The question is whether the change in the statute’s language — using the word “person” in the current version of § 1592(a) to replace the list of covered persons in the predecessor statute— changed the meaning of the statute. It is quite clear that the substitution of the word “person” for the list appearing in the predecessor statute was not designed to make a substantive change. The legislative history stated explicitly that “[t]he persons covered ... [we]re intended to *1342 remain the same as they [we]re under [the previous] law,” and “emphasize[d] that ... the committee d[id] not change the scope of [the existing law] with respect to the persons potentially liable” under the provision. S.Rep. No. 95-778, at 18, 20 (1978), 1978 U.S.C.C.A.N. 2211; see also H.R.Rep. No. 95-1517, at 10 (1978), 1978 U.S.C.C.A.N. 2249, 2252 (Conf. Rep.) (noting that “the persons covered ... [we]re intended to remain the same”).
Shortly after the current version of § 1592(a) was adopted, the Court of International Trade (“Trade Court”), explained that, in changing the language of the statute, the new version placed “[n]o limitation ... on whether such persons were corporations ór natural persons,” and it concluded that
there is nothing in the Act [ ]or its legislative history to indicate that the Congress intended to restrict the applicability of the penalties [in § 1592] to corporations and to exclude from the applicability of the penalties officers of corporations merely because of a claim that they were acting in their corporate capacities.
United States v. Appendagez, Inc., 560 F.Supp. 50, 55 (Ct. Int’l Trade 1988). More recently, the Trade Court has stated that “[a] corporate officer may be liable for false statements made by a corporation if the officer knowingly participated in the deception or failed to correct the false statements upon learning of them.” United States v. Islip, 18 F.Supp.2d 1047, 1061 (Ct. Int’l Trade 1998) (alteration in original) (quotation marks omitted). Unsurprisingly, then, the Trade Court has noted that “[t]he language of section 1592 leaves room for those other than the importer of record to be held accountable for violations,” and that it has “consistently allowed corporate officers to be held [jointly and severally] liable for violations that were committed in the capacity of their employment,” as was the case for Shadadpuri below. United States v. Matthews, 533 F.Supp.2d 1307, 1313-14 (Ct. Int’l Trade 2007).
II
The majority seems to distinguish these Trade Court cases as involving fraud rather than negligence. See Maj. Op. at 1340 n. 4, 1340 n. 5. But the same language in § 1592(a) (referring to liability of “persons”) applies to both fraud and negligence. See 19 U.S.C. § 1592(c) (defining liability under § 1592(a) for fraud, gross negligence, and negligence). There is nothing in the statutory text that would distinguish between an agent’s direct liability for fraudulent entries and negligent ones. The majority’s effort to suggest that the statutory text might cover fraud and not. negligence is misguided. See Clark v. Martinez, 543 U.S. 371, 386, 125 S.Ct. 716, 160 L.Ed.2d 734 (2005) (rejecting “the dangerous principle that judges can give the same statutory text different meanings in different cases”).[1]
The construction of § 1592 mandated by the legislative history is not contrary to our decision in Hitachi, which did not address the question of whether a “person” other than an importer of record could be liable for material false statements or omissions under § 1592(a)(1)(A), which is at issue here. It merely held that Hitachi Japan, which was not the importer of record in that case, could not be liable for *1343 aiding and abetting negligent false statements made to Customs by the importer of record under 19 U.S.C. § 1592(a)(1)(B). 172 F.3d at 1336. The government did not argue and the case did not decide whether an agent or other individual could be a “person” liable for negligence.
Ill
Here, the record clearly showed that Shadadpuri signed the required entry documentation on Trek’s behalf, Supp. J.A. 31-32, 79-88, and Shadadpuri conceded at oral argument in the Trade Court that he “had the responsibility and obligation to examine all appropriate documents including all assists within the [required] entry documentation.” United States v. Trek Leather, 781 F.Supp.2d 1306, 1311 (Ct. Int’l Trade 2011). But the documentation Shadadpuri authorized had material omissions and therefore contained false representations. Because Shadadpuri had been responsible for the submission of similarly false entries in the past, the Trade Court reasonably deemed Shadadpuri’s actions negligent, rendering him individually liable for his actions. This holding was consistent with the statute.
The Trade Court’s interpretation of the statute is correct. The majority’s interpretation is demonstrably incorrect. I respectfully dissent.

. To be sure under United States v. Hitachi America, Ltd., 172 F.3d 1319 (Fed.Cir.1999), an individual could aid and abet a fraud, but not a negligent act.